UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ALEX ELIKEM HUSU, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6:22-CV-015-CHB |
| | ) | Civil Action No. 6:22-CV-016-CHB |
| v. | ) | |
| | ) | |
| KENTUCKY CONSULAR CENTER, et al., | ) | **ORDER GRANTING JOINT MOTION TO CONSOLIDATE** |
| | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the parties' Joint Motion to Consolidate. [R. 25]. The parties jointly move for the Court to consolidate this action with Civil Action No. 6:22-cv-015-CHB-HAI, *Preston, et. al. v. KCC, et. al. Id* at 1. To support this Motion, "the parties agree that the [two] actions: 1) involve common questions of facts and law; 2) are already assigned to the same judge; and 3) consolidation would avoid unnecessary delay and promote judicial efficiency in these time-sensitive civil actions." *Id*.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions where the actions involve a common question of law or fact.

> A court deciding whether to consolidate actions must consider whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Choi v. Stevenson Co.*, No. 3:08-cv-57-CRS, 2011 WL 1625055, at \*1 (W.D. Ky. Apr. 28, 2011) (alteration in original) (quoting *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

"Whether to consolidate cases involving the same factual and legal questions is a [matter] within

- 1 -

the discretion of the trial court." *Id.* (citing *Cantrell*, 999 F.2d at 1011). Finally, consolidation under Rule 42 is reviewed only for abuse of discretion. *Cantrell*, 999 F. 2d at 1011.

Here, the parties have stipulated that the two actions "involve common questions of facts and law." [R. 25, p. 1]. Upon closer examination,  the two actions are based not merely on analogous factual circumstances, but follow from the same type of underlying events. *See also MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *1–2 (S.D. Ohio, Sept. 14, 2009) (finding it appropriate to consolidate multiple age-discrimination claims where some of the evidence would overlap). The Plaintiffs in both actions contest the manner in which Defendants have implemented the 2022 Diversity Visa Program. [R. 1, pp. 76–86, ¶¶ 809–894]; 6:22-CV-015-CHB [R. 1]. Additionally, the Plaintiffs in each case are represented by the same counsel and seek relief against the same set of Defendants, who are also represented by the same counsel. *See Brown v. Dejoy*, No. 3:19-CV-615-DJH-CHL, 2021 WL 6882225 (W.D. Ky. June 11, 2021) (citing *Basler v. Purcell Tire & Rubber Co.*, No. 4:10-CV-231-RWS, 2010 WL 1608858, at *1 (E.D. Mo. Apr. 20, 2010)).

Under these circumstances, the Court finds it appropriate to consolidate the two actions because the actions involve nearly identical facts and legal issues and joining the actions together presents no apparent prejudice to any party.[1]

Lastly, the parties' Joint Motion requests this Court allow the parties to file responsive pleadings that exceed the normal page limits under Local Rule 7.1. [R. 25, p. 2].

Accordingly, it is **HEREBY ORDERED** as follows:

---

[1] The Court notes that, should it later appear that a consolidated trial "would create more confusion and inefficiency than separate trials," the Court retains the discretion to sever the cases for trial. *See* Fed. R. Civ. P. 42(b); *see also MacLean*, 2009 WL 2983072, at *2 (S.D. Ohio, Sept. 14, 2009).

1.  The parties' Joint Motion to Consolidate [R. 25] is **GRANTED**. Civil Nos. 6:22-cv-015-CHB-HAI and 6:22-CV-016-CHB are **CONSOLIDATED** for all further proceedings.

2.  The Lead Case shall be *Jessica Preston, et. al. v. Kentucky Consular Center, et. al.*, Civil Action No. 6:22-CV-015-CHB.

3.  The Clerk of Court is directed to file a copy of this Order in the docket of Civil Action No. 6:22-CV-015-CHB.

4.  Pending future Orders of the Court, all future filings **SHALL BE FILED** in the Lead Case only, 6:22-CV-015-CHB, with the caption of all filings styled as in this Order. Subject to intervening orders and unless otherwise directed, it shall not be necessary to submit separate filings in Civil Action No. 6:22-CV-016-CHB.

5.  The **Clerk of Court shall ADMINSTRATIVELY CLOSE** Civil Action No. 6:22-cv-016-CHB-HAI.

6.  The parties' Joint Motion to exceed the page limits prescribed by Local Rule 7.1 is **GRANTED IN PART**. With respect to the parties' responsive pleadings, the Court:

    a.  Order Defendants to file one motion to dismiss not to exceed 45 pages.

    b.  Order Plaintiffs to file one response not to exceed 45 pages.

    c.  Order Defendants' reply not to exceed 20 pages.

This the 12th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY